**Slip Op. 22-48**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| **QINGDAO SENTURY TIRE CO., LTD., SENTURY TIRE USA INC., SENTURY (HONG KONG) TRADING CO., LIMITED,** | |
| **Plaintiffs,** | |
| **and** | |
| **PIRELLI TYRE CO., LTD., PIRELLI TYRE S.P.A., and PIRELLI TIRE LLC,** | **Before: Jennifer Choe-Groves, Judge** |
| **Consolidated Plaintiffs,** | **Consol. Court No. 18-00079** |
| **v.** | |
| **UNITED STATES,** | |
| **Defendant.** | |

<u>**OPINION**</u>

[Sustaining the third remand results of the U.S. Department of Commerce determining that Consolidated Plaintiff Pirelli Tyre Co., Ltd. rebutted the presumption of *de jure* and *de facto* government control for the period at issue and is entitled to separate rate status.]

Dated:  May 19, 2022

Plaintiffs Qingdao Sentury Tire Co., Ltd., Sentury Tire USA Inc., and Sentury (Hong Kong) Trading Co., Limited filed no comments on the remand results.

Daniel L. Porter and Ana M. Amador Gil, Curtis, Mallet-Prevost, Colt & Mosle, LLP, of Washington, D.C., for Consolidated Plaintiffs Pirelli Tyre Co., Ltd., Pirelli Tyre S.p.A., and Pirelli Tire LLC.

Ashley Akers, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States.  With her on the brief were Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, and Claudia Burke, Assistant Director. Of counsel on the brief was Ayat Mujais, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce.

Choe-Groves, Judge:  This action arises from the administrative review by the U.S. Department of Commerce ("Commerce") of certain passenger vehicle and light truck tires from the People's Republic of China ("China").  Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China ("Final Results"), 83 Fed. Reg. 11,690 (Dep't of Commerce Mar. 16, 2018) (final results of antidumping duty administrative review and final determination of no shipments; 2015–2016); see also Certain Passenger Vehicle and Light Truck Tires from People's Republic of China: Issues and Decision Mem. Final Results 2015– 2016 Antidumping Duty Admin. Review (Mar. 9, 2018) ("Final IDM"), ECF No. 15-5; Decision Mem. Prelim. Results Antidumping Duty Admin. Review: Certain

Passenger Vehicle and Light Truck Tires from People's Republic of China (Aug. 31, 2017), PR 420.[1]

Before the Court are the Final Results of Redetermination Pursuant to Court Order ("Third Remand Results"), ECF Nos. 33, 34, ordered in Qingdao Sentury Tire Co. v. United States ("Qingdao Sentury"), 45 CIT __, 539 F. Supp. 3d 1278 (2021) ("Remand Order").[2]  The Third Remand Results concern only Consolidated Plaintiffs Pirelli Tyre Co., Ltd. ("Pirelli Tyre Co."), Pirelli Tire LLC, and Pirelli Tyre S.p.A. ("Consolidated Plaintiffs"), which filed comments thereon.  Consol. Pls.' Comments Supp. Remand Redetermination Results ("Consolidated Plaintiffs' comments" or "Consol. Pls.' Cmts."), ECF No. 36.  Defendant United States ("Defendant") filed a response to Consolidated Plaintiffs' comments.  Def.'s

---

[1] Citations to the administrative record reflect the public record ("PR") document numbers filed in the Public Joint Appendix in Shandong Yongtai Group Co. v. United States, (formerly consolidated) Court No. 18-00077 ("Shandong Yongtai Docket"), ECF No. 48.

[2] This action was severed and reconsolidated from Shandong Yongtai Group Co. v. United States, (formerly consolidated) Court No. 18-00077.  See Shandong Yongtai Grp. Co. v. United States ("Shandong Yongtai Severance"), 45 CIT __, __, 493 F. Supp. 3d 1342, 1345–46 (2021); see also Shandong Yongtai Grp. Co. v. United States ("Shandong Yongtai II"), 44 CIT __, 487 F. Supp. 3d 1335 (2020) (ordering second remand).

Consol. Court No. 18-00079                                               Page 4

Comments Supp. Remand Redetermination ("Def.'s Cmts."), ECF No. 37.  For the

following reasons, the Court sustains the <u>Third Remand Results</u>.

**ISSUES PRESENTED**

On third remand, this case presents the following issues on the question of

whether Pirelli Tyre Co. was wholly foreign-owned or located in a market

economy prior to the China National Chemical Corporation ("Chem China")

acquisition:

1.    Whether a separate rate analysis should be conducted for

      Pirelli Tyre Co. for the period of January 2015 to October

      2015;

2.    Whether the presumption of Chinese government control

      applies to Pirelli Tyre Co. prior to the Chem China

      acquisition; and

3.    If so, whether there was *de jure* or *de facto* Chinese

      government control over Pirelli Tyre Co. prior to the

      Chem China acquisition.

**BACKGROUND**

The Court assumes familiarity with the underlying facts and procedural

history of this case and recites the facts relevant to the Court's review of the <u>Third</u>

Remand Results.  See Qingdao Sentury, 45 CIT at __, 539 F. Supp. 3d at 1280–82;

see also Shandong Yongtai II, 44 CIT at __, 487 F. Supp. 3d at 1344–46;

Shandong Yongtai Grp. Co. v. United States ("Shandong Yongtai I"), 43 CIT __,

__, 415 F. Supp. 3d 1303, 1306–07, 1312–18 (2019); Shandong Yongtai

Severance, 45 CIT at __, 493 F. Supp. 3d at 1344–45.

      Consolidated Plaintiffs applied for separate rate status in the administrative

review, but Commerce determined that Pirelli Tyre Co. did not qualify for separate

rate status because of *de facto* Chinese government control through Chem China's

ownership of Pirelli S.p.A.  Shandong Yongtai I, 43 CIT at __, 415 F. Supp. 3d at

1316; see also Final IDM at 27–28; Consolidated Plaintiffs' Separate Rate

Application (Nov. 17, 2016) ("Consol. Pls.' SRA"), PR 192–93.  Commerce also

denied Pirelli Tyre Co. separate rate status for the segment of the period of review

before Chem China's acquisition of Pirelli Tyre Co. in October 2015 because

Commerce asserted that Consolidated Plaintiffs had not provided complete

ownership information as to Pirelli Tyre Co.'s intermediate and ultimate owners

from January through October 2015.  Shandong Yongtai I, 43 CIT at __, 415 F.

Supp. 3d at 1317–18; see also Final IDM at 28.  Commerce determined that Pirelli

Tyre Co.'s separate rate status claim for the period of time before Chem China's

acquisition was not supported by evidence on the record.  Shandong Yongtai I, 43

Consol. Court No. 18-00079                                                        Page 6

CIT at __, 415 F. Supp. 3d at 1317–18; see also Final IDM at 28.  Commerce

assigned Consolidated Plaintiffs the China-wide entity rate for the entire period of

review.  Shandong Yongtai I, 43 CIT at __, 415 F. Supp. 3d at 1318.  The Court

remanded Commerce's denial of Consolidated Plaintiffs' separate rate status for

Commerce to reconsider the criteria for de jure and de facto governmental control.

Id. at __, 415 F. Supp. 3d at 1317.  The Court did not reach the issue of

Consolidated Plaintiffs' request for separate rate status for the period before Chem

China's acquisition.  Id. at __, 415 F. Supp. 3d at 1318.

In the Final Results of Redetermination Pursuant to Remand ("Shandong

Yongtai Remand Results"), Shandong Yongtai Docket, ECF Nos. 71, 72,

Commerce maintained its determination of de facto Chinese government control

and denied separate rate status to Pirelli Tyre Co.  See Shandong Yongtai II, 44

CIT at __, 487 F. Supp. 3d at 1344–45.  Commerce examined the record and noted

that Chinese government-owned entities had majority ownership of Pirelli Tyre

Co.  Id. at __, 487 F. Supp. 3d at 1345; see also Shandong Yongtai Remand

Results at 40.  Commerce determined that Pirelli Tyre Co. failed to satisfy the third

criterion of the de facto test, whether the respondent has autonomy from the

government in making decisions regarding the selection of management.

Shandong Yongtai II, 44 CIT at __, 487 F. Supp. 3d at 1345–46; see also

Consol. Court No. 18-00079                                        Page 7

Shandong Yongtai Remand Results at 28–29, 40–41.  The Court sustained

Commerce's determination denying separate rate status to Pirelli Tyre Co.

Shandong Yongtai II, 44 CIT at __, 487 F. Supp. 3d at 1346.  On second remand,

Commerce did not address Consolidated Plaintiffs' separate rate status before

Chem China's acquisition, nor did Consolidated Plaintiffs comment on

Commerce's draft remand results.  Final Results of Redetermination Pursuant to

Court Order ("Second Remand Results") at 2–3, ECF No. 21-1.

     Consolidated Plaintiffs requested a ruling from the Court on Consolidated

Plaintiffs' alternate claim of partial separate rate status for the first ten months of

the period of review prior to Chem China's acquisition of Pirelli Tyre Co.

Qingdao Sentury, 45 CIT at __, 539 F. Supp. 3d at 1282.  Consolidated Plaintiffs

argued that they had provided documentation of corporate ownership prior to

Pirelli Tyre Co.'s acquisition by Chem China, including a Sales and Purchase and

Co-investment Agreement showing that Pirelli Tyre Co. was an Italian company

prior to the Chem China acquisition in October 2015.  Id. at __, 539 F. Supp. 3d at

1283 (citing Consol. Pls.' Br. Supp. Mot. J. Agency R. at 50, Shandong Yongtai

Docket, ECF Nos. 23, 24; Consol. Pls.' SRA at 50–51, Attach. G(1)).  For the

period of review prior to Chem China's acquisition of Pirelli Tyre Co., the Court

concluded that Commerce's separate rate analysis of Consolidated Plaintiffs was at

Consol. Court No. 18-00079                                                      Page 8

odds with Commerce's stated practice regarding companies that are wholly

foreign-owned or located in a market economy.  Id. at __, 539 F. Supp. 3d at 1284.

The Court remanded for Commerce to determine: (1) whether Consolidated

Plaintiffs were wholly foreign-owned or located in a market economy prior to the

Chem China acquisition; (2) whether a separate rate analysis should be conducted

for the period from January 2015 through October 2015; (3) whether the

presumption of Chinese governmental control applies to Consolidated Plaintiffs

prior to Chem China's acquisition; and if so, (4) whether there was *de jure* or *de

facto* Chinese governmental control over Consolidated Plaintiffs before Chem

China's acquisition.  Id. at __, 539 F. Supp. 3d at 1284.

**STANDARD OF REVIEW**

The Court has jurisdiction pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C.

§ 1516a(a)(2)(B)(iii).  The Court will uphold any determinations unless they are

unsupported by substantial evidence on the record or are otherwise not in

accordance with the law.  19 U.S.C. § 1516a(b)(1)(B)(i).  The Court also reviews

determinations made on remand for compliance with the Court's remand order.

Ad Hoc Shrimp Trade Action Comm. v. United States, 38 CIT 727, 730, 992 F.

Supp. 2d 1285, 1290 (2014), aff'd, 802 F.3d 1339 (Fed. Cir. 2015).

Consol. Court No. 18-00079                                            Page 9

## DISCUSSION

Commerce has statutory authority to determine if a country is a nonmarket economy pursuant to 19 U.S.C. § 1677(18).  19 U.S.C. § 1677(18); see also Sigma Corp. v. United States, 117 F.3d 1401, 1404–06 (Fed. Cir. 1997).  In proceedings involving a nonmarket economy, such as China, Commerce employs a rebuttable presumption that all companies within the country are subject to government control and should be assigned a single, country-wide antidumping duty rate.  See Sigma Corp., 117 F.3d at 1405.  An exporter will receive the country-wide rate by default, unless it demonstrates affirmatively that the exporter maintains both *de jure* and *de facto* independence from the government.  See id.  The burden of rebutting the presumption of government control rests with the exporter.  See id. at 1405–06.

On remand, in order to acquire the necessary information to comply with the Court's remand order, Commerce issued a questionnaire to Pirelli Tyre Co. on November 1, 2021.  See Letter Commerce to Foley Lardner Pertaining to Consol. Pls.' Supplemental Questionnaire ("Supplemental Questionnaire") (Nov. 1, 2021),

Consol. Court No. 18-00079                                    Page 10

Remand PR 2.[3]  Consolidated Plaintiffs submitted their response on November 10,

2021.  Consol. Pls.' Resp. Supplemental Questionnaire (Nov. 10, 2021), Remand

PR 5–7.

      Consistent with the Court's remand order, Commerce's analysis on remand

concerned Consolidated Plaintiffs' separate rate eligibility during the period from

January 27, 2015 through October 19, 2015.  Third Remand Results at 5–6.

Commerce first distinguished between Pirelli Tyre Co., the producer and exporter

of subject merchandise, Pirelli Tyre LLC, a sales affiliate located in the United

States, and Pirelli Tyre S.p.A., an entity located in Italy and an indirect owner of

Pirelli Tyre Co.  Id. at 6.  Commerce determined that the information on the record

showed that Pirelli Tyre Co. was located in China during the period from January

27, 2015 through October 19, 2015, and Pirelli Tyre Co.'s supplemental

questionnaire response showed that it was not wholly foreign-owned during that

period.  Id.  Commerce therefore initially determined that Pirelli Tyre Co. was

properly subject to a separate rate analysis.  Id.  Because Pirelli Tyre LLC was

located in the United States and Pirelli Tyre S.p.A. was located in Italy, Commerce

---

      [3] Citations to documents filed during the third remand proceeding reflect the
public record ("Remand PR") document numbers filed with the Third Remand
Results, ECF. Nos. 35-3, 38.

determined that neither of those companies was subject to a separate rate analysis.
Id.

Commerce then determined that the information submitted on the record by
Pirelli Tyre Co. in response to its November 1, 2021 questionnaire demonstrated
that there was neither *de jure* nor *de facto* government control of Pirelli Tyre Co.
during the relevant period of review.  Id. at 6–7.  Specifically under its *de jure* test,
Commerce determined that Pirelli Tyre Co. had: (1) no restrictive stipulations
associated with its exporter's business and export licenses; (2) no legislative
enactments decentralizing it; and (3) no formal measures by the government
decentralizing control of it.  Id. at 7.

Regarding its *de facto* test, Commerce determined that Pirelli Tyre Co.'s
ownership structure during the period of review from January 27, 2015 through
August 10, 2015 was materially the same as its ownership structure during the
underlying investigation, when Commerce granted separate rate status and found
that Pirelli Tyre Co. rebutted the presumption of *de jure* and *de facto* government
control.  Id. (citation omitted).  Commerce concluded that none of Pirelli Tyre
Co.'s intermediate or ultimate shareholders during the time period from January
27, 2015 through August 10, 2015 were Chinese government entities or were
supervised by Chinese government entities.  Id. at 8.  Thus, while Commerce

Consol. Court No. 18-00079                                           Page 12

determined that the presumption of Chinese government control applied to Pirelli

Tyre Co. during the period from January 27, 2015 through August 10, 2015 (i.e.,

prior to the Chem China acquisition) because of its location in China, Commerce

determined that there was no information on the record indicating that any Chinese

government entity, including Chem China, had any direct or indirect ownership or

control of Pirelli Tyre Co. prior to August 10, 2015.  Id.  Commerce's review of

Pirelli Tyre Co.'s articles of association, purchase agreements, board of directors

meeting minutes and/or resolutions, as well as company financial statements for

the period prior to August 11, 2015, showed no Chinese government involvement

in how Pirelli Tyre Co.: (1) set export prices; (2) negotiated and signed contracts

and other agreements; (3) selected management; or (4) retained the proceeds of its

export sales and made decisions regarding disposition of profits or financing of

losses.  Id. at 8–9 (citations omitted).  Commerce determined this to be the case

even though Chem China and another Chinese shareholder became indirect owners

of Pirelli Tyre Co. during the period from August 11, 2015 through October 19,

2015 through an investment in Pirelli Tyre Co.'s ultimate parent company, Pirelli

& C. S.p.A., which meant that during that period Pirelli Tyre Co.'s ownership

structure was no longer the same as its ownership structure during the underlying

investigation.  Id. at 9–10.  In other words, Commerce found no information on the

record to indicate that the Government of China's minority shareholding in Pirelli

& C. S.p.A. or its ability to appoint a small number of Pirelli & C. S.p.A.'s board

members enabled any Chinese government entity to control Pirelli Tyre Co.

directly or indirectly during the period from August 11, 2015 through October 19,

2015. Id. at 10. Accordingly, Commerce determined that Pirelli Tyre Co. rebutted

the presumption of *de jure* or *de facto* Chinese government control for the period

from August 11, 2015 through October 19, 2015. Id. The revised weighted

average dumping margin for Pirelli Tyre Co. during the period from January 27,

2015 through October 19, 2015 for passenger tires from China was determined to

be 1.45%. Id. at 11.

Consolidated Plaintiffs assert that Commerce's Third Remand Results

accurately reflect the information submitted by Consolidated Plaintiffs during the

third remand proceeding, and that Commerce's conclusion is supported by

substantial evidence and in accordance with the law. Consol. Pls.' Cmts. at 3.

Consolidated Plaintiffs also agree with the new separate rate set forth in the Third

Remand Results. Id. Consolidated Plaintiffs' position is that Commerce's Third

Remand Results comply with the Court's remand order and they ask the Court to

sustain Commerce's Third Remand Results. Id. Defendant also asks the Court to

Consol. Court No. 18-00079                                              Page 14

sustain the <u>Third Remand Results</u>.  Def.'s Cmts. at 2.  No Party filed comments in

opposition to the <u>Third Remand Results</u>.

## CONCLUSION

The Court holds that Commerce's determination is supported by substantial

evidence.  Because the Court concludes that the <u>Third Remand Results</u> are

supported by substantial evidence and comply with the Court's remand order, the

Court sustains the <u>Third Remand Results</u>.  Judgment will be entered accordingly.


                                                      <u>   /s/ Jennifer Choe-Groves      </u>
                                                      Jennifer Choe-Groves, Judge


Dated:  <u>     May 19, 2022      </u>
           New York, New York